IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GUS LEE BRITE, PRO SE,<br>TDCJ-CID #1082588,<br>Previous TDCJ-CID #687895,<br><br>    Plaintiff,<br><br>V.<br><br>DOUGLAS DRETKE,<br>JIMMY BREEDING, EDDIE WILLIAMS,<br>and GLENN WHITTFIELD,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:04-CV-0201 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff GUS LEE BRITE, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed in forma pauperis.

Plaintiff claims that, on June 28, 2003, he was attacked by another inmate because defendant BREEDING labeled plaintiff a snitch. Plaintiff alleges the remaining defendants adopted a "practice of using deliberate indifference."

Plaintiff requests "all discretionary, additional, compensatory, monetary, and punitive damages."

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Civil Rights of Institutionalized Persons Act, Title 42, United States Code, section 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [Title 42, United States Code, section 1983,] or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff did not respond to section III of the complaint form asking whether the plaintiff has exhausted both steps of the grievance procedure. Further, plaintiff did not respond to the Court's April 7, 2005 Notice of Deficiency Order giving plaintiff thirty days to respond and submit copies of any grievances showing exhaustion of administrative remedies. It appears plaintiff has failed to exhaust administrative remedies before filing the instant suit in federal court.

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**CONCLUSION**

The claims asserted in this cause are barred by plaintiff's failure to comply with the section 1997e exhaustion of administrative remedies requirement before filing the instant suit challenging prison conditions. Further, because they presently lack an arguable basis in law, they are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED AS FRIVOLOUS AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b). *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  23rd  day of May, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE